12-4721-cr
United States v. Montanez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand and thirteen.

Present:
> PIERRE N. LEVAL,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*,

_____

United States of America,

> *Appellee*,

> v.                                                                          No. 12-4721-cr

Ken Kinsey, Jr., AKA Benji, AKA Jade, *et. al.*,

> *Defendants*,

Edwin Montanez, AKA Sha, AKA Sha Dic, AKA Shadigga, AKA Shy,

> *Defendant–Appellant*.

_____

FOR APPELLANT:          Lisa A. Peebles, Federal Public Defender (James P. Egan, *on the brief*), Syracuse, NY


FOR APPELLEE:           Paul D. Silver, Assistant United States Attorney and John M. Katko, Assistant United States Attorney, *for* Richard S. Hartunian,

United States Attorney for the Northern District of New York, Albany, NY.

_____

Appeal from an order of the United States District Court for the Northern District of New York (Mordue, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the district court is AFFIRMED.

Defendant-Appellant Edwin Montanez appeals a November 9, 2012 order denying his motion for a sentence reduction in accordance with 18 U.S.C. § 3582(c)(2). In July 2007, pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, Montanez pled guilty to one count of conspiracy to engage in a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d). The Probation Office calculated Montanez's total offense level to be 31, with a Criminal History Category of VI. Based on the Pre-Sentence Report ("PSR") calculation, Montanez's Guidelines range was 188 to 235 months. By contrast the Plea Agreement calculated Montanez's total offense level to be 33, with a Criminal History Category of VI, and a sentencing range of 235 to 293 months.[1]

After the change of plea proceedings in 2007, the Sentencing Commission amended the Sentencing Guidelines to reduce the offense level in crack cocaine cases in 2007 and again in

_____

[1] The Plea Agreement states, in pertinent part:

> This term of imprisonment is arrived at by holding the Defendant accountable as follows: (1) Drug offense level of 30 (35 to 50 grams of crack) pursuant to U.S.S.G. § 2D1.1); (2) plus two points pursuant to U.S.S.G. § 2D1.1(b)(1) for possessing a dangerous weapon (ie: hand guns), directly or indirectly, in connection with the gang's drug trafficking activity; (3) plus two points for his occasional organizational role with respect to various acts of gang violence pursuant to U.S.S.G. § 3B1.1(c); and (4) a two point enhancement for obstructing the administration of justice pursuant to U.S.S.G. § 3C1.1 for his witness tampering/intimidation as noted in Count Two of the Indictment. The total offense level is thus 36, from which three points are deducted for acceptance of responsibility, for a Total Offense level of 33, with a Criminal History Category of VI, and a sentencing range of 235 to 293 months.

Joint App. at 45 n.1.

2010 and 2011. *See* U.S. Sentencing Guidelines Manual App. C, amends. 706, 713, 748, 750, 759. As a result of the 2007 amendments, the district court sentenced Montanez to 210 months' imprisonment, and later, as a result of the 2010 and 2011 amendments, the district court reduced his sentence to 187 months. Pursuant to his motion, Montanez sought a further reduction of his sentence, arguing that the district court erroneously applied an elevated offense level in determining his sentence. According to Montanez, his total offense level should have been 29, not 30,[2] with a resulting imprisonment range of 151 to 188 months. In denying Montanez's motion, the district court determined that his original sentence of 210 months was not based upon the Sentencing Guidelines; rather, it was a compromise between the parties. The district court concluded, therefore, that Montanez was not eligible for a reduction in sentence pursuant to section 3582. The district court further clarified its ruling, stating that even if Montanez was eligible for a sentence reduction, it would decline to exercise its discretion in Montanez's favor.

Montanez contends that the Supreme Court's holding in *Freeman v. United States*, ----- U.S. -----, 131 S. Ct. 2685 (2011), authorizes a sentence reduction because his Plea Agreement was based on the Sentencing Guidelines. *See Freeman*, 131 S. Ct. at 2695-97 (Sotomayor, J., concurring) (where a defendant is sentenced pursuant to Rule 11(c)(1)(C) agreement, a district court has jurisdiction to consider a sentence reduction only if the agreement makes clear that the term of imprisonment is based upon a guidelines range). We do not reach this argument because we affirm on different grounds.

"Where the Guidelines provide overlapping ranges of imprisonment, and the sentence actually imposed is in the area of overlap and the sentencing court has indicated that it would have imposed the same sentence whichever range applied, there is no basis for reversal on

---

[2] In light of the 2011 Sentencing Guidelines amendment, the Government and defendant agreed that Montanez's total offense level was 30. Joint App. at 173.

appeal." *United States v. Rivera*, 22 F.3d 430, 439 (2d Cir. 1994); *see also United States v. Garcia*, 936 F.2d 648, 656 (2d Cir. 1991) (affirming when the district court's sentence was permissible under both offense levels and the court indicated that the decrease in offense level would not have altered its sentencing determination).  Here, the district court opined

> [E]ven assuming that defendant's argument is correct and that his sentence is based on a Guidelines range that was subsequently lowered to 151 to 188 months . . . the Court declines to reduce defendant's sentence further . . . . [T]he Court in its discretion sentences defendant virtually at the top of the range, that is, to 187 months, due to the nature of defendant's criminal conduct . . . .

Joint App. at 177.  Under these circumstances, there is no basis to vacate the sentence on appeal.

Montanez also contends that he did not knowingly admit to committing overt acts alleged in his indictment.   The transcript of the plea colloquy belies Montanez's contention.  *See generally United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001) (holding that the defendant knowingly and willingly entered into the plea agreement where the Appellant waived the reading of the indictment and "testified at his allocution that he had reviewed the indictment and the plea agreement with his attorney, that his attorney had explained those documents to him, and that he understood those documents.").

We have considered Montanez's remaining arguments and find them to be without merit.  Accordingly, the order of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4