United States of America v. McCall (McCall)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand sixteen.

PRESENT:
> JOHN M. WALKER, JR.,
> GUIDO CALABRESI,
> PETER W. HALL,
> *Circuit Judges.*

---

United States of America,

> *Appellee,*

> v.                                                                     15-1814

Michael McCall,

> *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Michael McCall, *pro se*, Lewisburg, PA. |
| **FOR DEFENDANT-APPELLEE:** | Monica J. Richards, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 14, 2015 Order of the district court is **VACATED** and the case is **REMANDED**.

Pursuant to a plea agreement entered into under Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant-Appellant Michael McCall is serving a 108-month sentence for conspiring to distribute oxycodone. He now appeals, *pro se*, from the district court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the U.S. Sentencing Guidelines (the "Guidelines"), which lowered the base offense levels applicable to drug quantity calculations under U.S.S.G. § 2D1.1. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented on appeal.

Before granting a sentence reduction pursuant to a guidelines amendment, the court must engage in a two-step inquiry, determining (1) the scope of reduction authorized by § 3582(c)(2) and § 1B1.10, and (2) whether a reduction is warranted in light of the factors listed in § 3553(a). *Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Under 18 U.S.C. § 3582(c)(2), a court may grant a motion for a sentence reduction for a defendant who (1) "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if (2) such reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. We review *de novo* a district court's determination as to whether the defendant's sentence was "based on" an applicable guidelines range that was subsequently

2

amended by the Commission.   *See United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009).

The parties agree, and we accept for purposes of this decision, that Justice Sotomayor's concurring opinion in *Freeman v. United States*, 564 U.S. 522 (2010), governs this case.   In *Freeman*, Justice Sotomayor identified two scenarios in which a Rule 11(c)(1)(C) agreement is "based on" a Guidelines range: (1) when the agreement "call[s] for the defendant to be sentenced within a particular Guideline[s] sentencing range," *id.* at 538, or (2) when the agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment," *id.* at 534.

Here, the plea agreement sets forth the parties' Guidelines calculations, which yield a sentencing range of 108 to 135 months' imprisonment.   The agreement then settles on a 108-month term of imprisonment as the "appropriate sentence in th[e] case."   At first blush, McCall's agreement might fit easily within the second category of § 3582(c)(2)—eligible Rule 11(c)(1)(C) agreements.   At sentencing, however, the parties agreed that, due to a calculation error, the Guidelines range contemplated in the plea agreement was not the Guidelines range applicable in the defendant's case, and the applicable Guidelines yielded a sentencing range of 121 to 151 months.   McCall's attorney informed the district court that the parties "discovered that there was an issue regarding the plea agreement versus [the probation officer's] understanding of Guideline Section 3B1.1.   And as it turned out, the two attorneys were wrong and the probation officer was correct on how that applies."   (*See* Sentencing Tr. 4, ECF No. 398.)   As a result of the miscalculation, McCall's attorney stated, "we end up with a three-level increase for . . . enhanced conduct rather than a two-level increase, and therefore to get to the nine-year sentence that's agreed upon [in the plea agreement], the Court I think is going to have to impose a non-guideline

3

sentence." (*Id*. at 5.) The district court agreed, stating that although the proper guidelines calculation "would have been a[n offense level of] 32 and a [criminal history category of] one, and 121 to 151 guideline range," a 108 month sentence was "reasonable." (*Id.*) The court explained it had "no difficulty, taking into account . . . the mitigating circumstances that in combination make that sentence a reasonable sentence, even though it's not a guideline sentence." (*Id*.) Not surprisingly, the government had no objection to the imposition of a 108-month sentence. In short, although prior to the sentencing proceedings the parties believed that the 108 months' term of imprisonment was based on a contemplated Guidelines range, when they discovered they were in error, the parties agreed at sentencing to maintain the agreed-upon term of incarceration. The parties' agreement thus required the district court, who agreed that the term of incarceration was fair, to drop below what everyone then agreed was the actual applicable Guidelines range and to impose a non-Guidelines sentence.

Notwithstanding the court's decision to sentence McCall based on an erroneous Guidelines calculation, Justice Sotomayor's reasoning in *Freeman* requires him to be resentenced. In her concurrence, she explained, "Because it is the parties' agreement that controls in the [11(c)(1)(C)] context, even if the District Court had calculated the range differently from the parties, [the defendant] would still be eligible for resentencing, as long as the parties' chosen range was one that was subsequently lowered by the Sentencing Commission." *Freeman*, 564 U.S. at 542 n.8 (internal quotation marks, citations, and alteration omitted). Here, the district judge did not calculate the range differently from the parties; instead, the judge and the parties all accepted that the calculation in the plea agreement was incorrect. The fact that the district judge agreed with the parties does not alter our analysis under *Freeman*. By having accepted the parties' plea

4

agreement, the district court was bound by its terms, including the Guidelines range contained within the agreement, and the court did not have the power to modify the terms of the agreement during the sentencing proceeding. Because the sentence in the plea agreement (though calculated incorrectly) was based on the Guidelines range chosen by the parties and because the district judge was bound by this calculation when he accepted the agreement, McCall is eligible for resentencing.

In resentencing proceedings pursuant to § 3582(c)(2), "the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Leaving in place the enhancement that was applied to reach the plea agreement, McCall's amended Guideline range is 87 to 108 months. On remand, therefore, the district court may in its discretion reduce McCall's sentence to the minimum of the amended Guidelines range if it determines that such a reduction is warranted in light of the factors listed in 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.10. *See Dillon*, 560 U.S. at 826.

The May 14, 2015 Order of the district court is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5