15-2232-cr
United States v. Leonard

# In the
# United States Court of Appeals
## For the Second Circuit

August Term, 2016

(Argued: September 2, 2016    Decided: December 14, 2016)

Docket No. 15-2232-cr

UNITED STATES OF AMERICA,

*Appellee*,

—v.—

JAMAHL LEONARD,

*Defendant-Appellant*.

Before:

RAGGI, CHIN, DRONEY, *Circuit Judges*.

On appeal from a final order entered in the United States District Court for the Western District of New York (Larimer, *J.*), defendant challenges the determination that he is ineligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) because, although a retroactive amendment to the Sentencing

Guidelines range lowered the 121-to-151-month Guidelines range identified by the district court at defendant's initial sentencing, the amended 97-to-121-month range was not lower than the 97-to-121-month range agreed to by the parties pursuant to Fed. R. Crim. P. 11(c)(1)(C), which the district court accepted and within which it sentenced defendant to a 114-month prison term. Defendant argues that the agreed-upon range, which was itself based on the Guidelines, albeit calculated differently from the district court, became his applicable range for purposes of determining § 3582(c)(2) eligibility. We conclude that defendant's *applicable* Guidelines range as defined by U.S.S.G. § 1B1.10(a) is the 121-to-151-month range identified by the district court before accepting the parties' 11(c)(1)(C) agreement. Because that range was lowered by Guidelines amendment to 97 to 121 months, however, defendant is eligible for a reduction in his 114-month sentence, but to no lower than 97 months.

VACATED AND REMANDED.

———————

BRUCE R. BRYAN, Esq., Syracuse, New York, *for Defendant-Appellant*.

FRANK T. PIMENTEL, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York, *for Appellee*.

———————

REENA RAGGI, *Circuit Judge*:

Defendant Jamahl Leonard was convicted in 2008 in the United States District Court for the Western District of New York (David G. Larimer, *Judge*), after pleading guilty to conspiracies to distribute 100 or more kilograms of marijuana, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846; and to launder the proceeds of that illegal trafficking, *see* 18 U.S.C. § 1956(h). Presently incarcerated, serving a 114-month prison term, Leonard appeals from a final order entered by the same court on June 15, 2015, which concluded that he was ineligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The court reasoned that, although a post-conviction, retroactive amendment to the Sentencing Guidelines had lowered the 121-to-151-month Guidelines range identified by the court at Leonard's initial sentencing, the amended 97-to-121-month range was not lower than the 97-to-121-month range agreed to by the parties in their plea agreement under Fed. R. Crim. P. 11(c)(1)(C). Leonard challenges this conclusion, arguing that, once the district court accepted his 11(c)(1)(C) plea agreement, the sentencing range specified therein became his "applicable" range for purposes of determining § 3582(c)(2) eligibility. And because the amendment lowered that

3

range to 78 to 97 months, Leonard maintains he is eligible for a sentence reduction to that extent.

The government defends the district court's ineligibility determination, maintaining that (1) Leonard's sentence was "based on" his 11(c)(1)(C) agreement, not the Sentencing Guidelines as required by § 3582(c)(2); and, (2) in any event, Leonard's 114-month sentence is within the now-amended applicable range, (a) precluding a finding that his applicable range was lowered by a subsequent amendment as required by U.S.S.G. § 1B1.10(a)(1), or (b) at least rendering any ineligibility error in this case harmless.

Neither party's argument is completely persuasive. Contrary to the government, we conclude that Leonard is eligible for a § 3582(c)(2) sentence reduction because his original sentence was "based on" the Sentencing Guidelines as that statutory phrase has been construed by the five justices in the majority in *Freeman v. United States*, 564 U.S. 522, 525 (2011) (plurality opinion); *id.* at 534 (Sotomayor, J., concurring in the judgment). At the same time, however, we conclude that the extent of the reduction for which Leonard is eligible is narrower than he urges because his "applicable" Guidelines range, as defined by U.S.S.G. § 1B1.10 cmt. n.1(A), was the 121-to-151-month range

4

calculated by the district court before accepting what was effectively a downward variance to the 97-to-121-month range prescribed in the parties' 11(c)(1)(C) agreement. Because the relevant Guidelines amendment reduced Leonard's originally applicable 121-to-151-month range to a 97-to-121-month range, Leonard is eligible for a reduction of his 114-month sentence, but to no less than 97 months' incarceration, the low end of the amended range. *See* U.S.S.G § 1B1.10(b)(2)(A). Whether to grant any reduction is, of course, a matter entrusted to the district court's discretion. *See United States v. Christie*, 736 F.3d 191, 194–95 (2d Cir. 2013). Nevertheless, because we conclude that Leonard is at least eligible for such a reduction, we vacate the challenged order and remand for the district court to decide whether or not to exercise its reduction discretion in this case.

## I. **Background**

### A. Leonard Pleads Guilty Pursuant to a Rule 11(c)(1)(C) Agreement

On May 23, 2008, Leonard pleaded guilty to conspiring to distribute "at least 700 but less than 1,000 kilograms of marijuana," and to laundering the proceeds of that criminal activity in an amount "more than $30,000 but less than $70,000." App'x 9–10. In a written plea agreement, Leonard and the prosecution

noted their agreement to certain Sentencing Guidelines calculations, specifically, to a base offense level of 30 with a three-level upward adjustment for aggravating role and a three-level downward adjustment for acceptance of responsibility. With further agreement to a criminal history category of I, the parties' calculations yielded a "guideline sentencing range" of 97 to 121 months' imprisonment. *Id.* at 13. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agreed that Leonard should be sentenced within this Guidelines range and that, if the district court were to reject that part of the plea agreement, "defendant shall then be afforded the opportunity to withdraw the plea of guilty." App'x 13.[1]

---

[1] Fed. R. Crim. P. 11(c)(1)(C) states in pertinent part as follows:

> If the defendant pleads guilty . . . , the plea agreement may specify that an attorney for the government will: . . . (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

A court "may accept [an 11(c)(1)(C)] agreement, reject it, or defer a decision until the court has reviewed the presentence report." *Id.* 11(c)(3)(A). If a court rejects such an agreement, however, it must "give the defendant an opportunity to withdraw the plea." *Id.* 11(c)(5)(B).

B.    <u>Sentencing</u>

Prior to sentencing, the district court received a Presentence Investigation Report ("PSR") from the Probation Department ("Probation"), which calculated Leonard's Sentencing Guidelines range at 151 to 188 months rather than the 97-to-121-month range referenced in the parties' 11(c)(1)(C) agreement. While Probation agreed that Leonard's base offense level was 30 and that he was entitled to a three-level reduction for acceptance of responsibility, it recommended a two-level increase for possession of firearms by a co-conspirator, and a four- (rather than three-) level increase for Leonard's organizing role. Further, because Leonard had committed the crimes of conviction while under conditional discharge from an earlier conviction, Probation calculated his criminal history category at II rather than I.

At sentencing, the district court rejected the recommended firearms enhancement, but adopted the four-point role enhancement, as well as the higher criminal history category to yield a Guidelines range of 121 to 151 months. While the district court acknowledged that the parties had "some issue" with these enhancements, it reiterated its conclusion that "the guidelines are as I indicated, 121 to 151" months. App'x 94. Nevertheless, it stated that it was

7

"prepared to accept" the parties' 11(c)(1)(C) agreement and to sentence Leonard "within the range of 97 to 121 months" identified therein, which it deemed "sufficient in my view, but not greater than necessary, to meet [statutory] sentencing objectives." *Id.* at 94–95. Accordingly, the district court sentenced Leonard to 114 months' imprisonment, four years' supervised release, a $2,500 fine, and a $200 special assessment.

C.    Amendments to Applicable Guidelines Range

Almost six years after Leonard's sentencing, the United States Sentencing Commission issued two relevant Guidelines amendments. Amendment 782, which took effect in 2014, amended the Drug Quantity Table in U.S.S.G. § 2D1.1 to reduce the offense levels associated with certain controlled substances crimes by two levels. *See* U.S.S.G., Supp. to App. C, Amend. 782. Thus, the base offense level for the quantity of marijuana involved in Leonard's drug crime of conviction was reduced from 30 to 28. *See id.* § 2D1.1(c)(6). Amendment 788, which also took effect in 2014, provided for retroactive application of Amendment 782. *See id.* at Supp. to App. C, Amend. 788.

D.    Motion To Reduce Sentence

On May 11, 2015, Leonard invoked the two aforementioned amendments to move *pro se* for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).[2]  The district court denied the motion on June 15, 2015, concluding that Leonard was ineligible for a sentence reduction.  The court reasoned that, although it had "determined the applicable Guidelines range to be 121-151 months," and the amendments had reduced that range to 97 to 121 months, it had in fact sentenced Leonard within the latter range pursuant to the plea agreement, such that Amendment 782 "[did] not have the effect of lowering the defendant's applicable guideline range."  App'x 191; *see* U.S.S.G. § 1B1.10(a)(2)(B).

---

[2]  That statute states as follows:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Leonard timely appealed from the decision.[3]

## II.  **Discussion**

### A.  Standard of Review

Where, as here, a defendant seeks a sentence reduction based on a retroactive Guidelines amendment, a district court must determine (1) whether the defendant is eligible for a reduction pursuant to 18 U.S.C. § 3582(c)(2), and (2) whether a reduction is warranted in light of the factors listed in 18 U.S.C. § 3553(a).  *See Dillon v. United States*, 560 U.S. 817, 826 (2010).  Because the initial eligibility question—the only one here at issue—depends on statutory interpretation, our review is *de novo*.  *See United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009).

### B.  Leonard's Eligibility for a Sentence Reduction

Congress has pronounced a convicted defendant eligible for a sentence reduction if (1) he "has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered," and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing

---

[3] In his plea agreement, Leonard waived the right to appeal or collaterally attack any component of a sentence falling within or below the 97-to-121-month range agreed to by the parties.  Because the government does not argue that this waiver forecloses the instant appeal, we do not here consider that question.

10

Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). The pertinent policy statement conditions reduction eligibility on "the guideline range *applicable to* that defendant ha[ving] subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d)." U.S.S.G. § 1B1.10(a)(1) (emphasis added). Thus, two requirements must be satisfied for a defendant to be eligible for a sentence reduction: (1) the original sentence must have been "based on" the Sentencing Guidelines, and (2) the amendment must have lowered the Guidelines range "applicable to" the defendant at the time of the original sentencing. *See United States v. Pleasant*, 704 F.3d 808, 810–11 (9th Cir. 2013) (observing that "applicable to" language from policy statement and "based on" language from statute require "separate analysis");[4] *see also United States v. Martinez*, 572 F.3d 82, 84 (2d Cir. 2009) (holding defendant convicted of crack conspiracy ineligible for sentence reduction based on amendment lowering

---

[4] Insofar as *Pleasant* relied on *United States v. Austin*, 676 F.3d 924 (9th Cir. 2012), in identifying Justice Sotomayor's concurring opinion in *Freeman v. United States*, 564 U.S. 522 (2011), as controlling, *Austin* has now been overruled by *United States v. Davis*, 825 F.3d 1014, 1022 (9th Cir. 2016) (*en banc*), thus abrogating that part of *Pleasant*. We discuss *Freeman* and *Davis* further *infra* at Part II.B.1. We here note only that the parts of *Pleasant* cited in this opinion appear unaffected by *Davis.* In any event, we would reach the conclusions stated herein even without support from *Pleasant*.

11

crack Guidelines because Guidelines applicable to defendant's sentence were those pertaining to career offenders, which were not lowered).

1. Leonard's Sentence Was "Based On" a Subsequently Lowered Guidelines Range

In deciding whether Leonard's 114-month sentence was "based on" a subsequently lowered Guidelines range, we are guided by the Supreme Court's ruling in *Freeman v. United States*, 564 U.S. 522. In that case, the Court considered whether a sentence imposed pursuant to a 11(c)(1)(C) agreement could *ever* be said to have been "based on" on the Sentencing Guidelines for purposes of § 3582(c)(2). Five Justices answered that question in the affirmative, but for different reasons. The four-member plurality reasoned that because "the Guidelines must be consulted, in the regular course" of imposing any sentence, including a sentence identified in an 11(c)(1)(C) agreement, an 11(c)(1)(C) sentence was "likely to be based on the Guidelines." *Id.* at 525, 534 (plurality opinion, Kennedy, J., joined by Ginsburg, Breyer, Kagan, JJ.) (explaining that U.S.S.G. § 6B1.2 requires district judge to evaluate recommended sentence in light of defendant's applicable Guidelines range before accepting 11(c)(1)(C) agreement, *see id.* at 529–30). Five Justices specifically rejected this view, concluding that an 11(c)(1)(C) sentence is based not on the Sentencing Guidelines

12

but on the parties' plea agreement. *See id.* at 534 (Sotomayor, J., concurring in the judgment); *id.* at 545 (Roberts, C.J., dissenting, joined by Scalia, Thomas, Alito, JJ.). This led the dissenters to conclude that 11(c)(1)(C) sentences were categorically ineligible for § 3582(c)(2) reductions. *See id.* at 547–48 (Roberts, C.J., dissenting). Justice Sotomayor, however, joined in the plurality's favorable eligibility determination, explaining that "if [an 11(c)(1)(C)] agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is 'based on' the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2)." *Id.* at 534 (Sotomayor, J., concurring in the judgment). The concurrence's reasoning, as applied in *Freeman*, created little practical tension with the plurality because the sentencing range identified by the parties in their 11(c)(1)(C) agreement was the Guidelines range calculated by the district court, and the defendant agreed to have his sentence determined pursuant to the Sentencing Guidelines. *See id.* at 527–28 (plurality opinion); *id.* at 542–44 (Sotomayor, J., concurring in the judgment).

This case is different. Although Leonard and the prosecutors agreed to an 11(c)(1)(C) sentence based on their Sentencing Guidelines calculation, that calculation yielded a lower range than the applicable range identified by the district court. Thus, we must consider whether the controlling rationale for decision in *Freeman* supports Leonard's claim that his sentence, although imposed pursuant to that agreed-to lower range, was nevertheless "based on" the Guidelines for purposes of a § 3582(c)(2) reduction.

Generally, "[w]hen a fragmented [Supreme] Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgment[] on the narrowest grounds." *Marks v. United States*, 430 U.S. 188, 193 (1977) (internal quotation marks omitted). This Court has not identified in a published opinion which *Freeman* rationale is controlling. We have only assumed the controlling effect of Justice Sotomayor's concurring opinion in a number of our unpublished summary orders. *See, e.g.*, *United States v. Howell*, 541 F. App'x 13, 14 (2d Cir. 2013); *United States v. Kinsey*, 533 F. App'x 36, 37–38 (2d Cir. 2013). The parties appear to urge that conclusion here. The matter gives some pause, however, because the one point uniting eight members

of the Court in *Freeman* is their rejection of Justice Sotomayor's rationale for decision. *See Freeman v. United States*, 564 U.S. at 532–34 (plurality opinion) (observing that concurrence, by shifting focus of "based on" inquiry from reasons for judge's sentence to terms of parties' plea agreement, risks arbitrary and disparate identification of defendants eligible for reductions from 11(c)(1)(C) sentences); *id.* at 544 (Roberts., C.J., dissenting) (agreeing with plurality that concurring opinion's approach is "arbitrary and unworkable").

Further, our sister circuits have divided in identifying *Freeman*'s controlling rationale. In published decisions, eight courts of appeals have recognized Justice Sotomayor's concurring opinion as the narrower and, therefore, controlling, rationale for decision. *See United States v. Benitez*, 822 F.3d 807, 811 (5th Cir. 2016); *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013); *United States v. Browne*, 698 F.3d 1042, 1045–46 (8th Cir. 2012); *United States v. Dixon*, 687 F.3d 356, 359–60 (7th Cir. 2012); *United States v. Thompson*, 682 F.3d 285, 290 (3rd Cir. 2012); *United States v. Rivera-Martinez*, 665 F.3d 344, 348 (1st Cir. 2011); *United States v. Smith*, 658 F.3d 608, 611 (6th Cir. 2011); *United States v. Brown*, 653 F.3d 337, 340 (4th Cir. 2011). A ninth court has done so summarily. *See United States v. Cover*, 491 F. App'x 87, 89 (11th Cir. 2012). Only one of these

15

courts, however, reached that conclusion in circumstances akin to those presented here, that is, an 11(c)(1)(C) agreement to a Guidelines range that turns out to be lower than the applicable range calculated by the district court. *See United States v. Smith*, 658 F.3d at 611. Meanwhile, two courts of appeals—one sitting *en banc*—have observed that Justice Sotomayor's rationale for decision in *Freeman* is not necessarily narrower than that of the plurality and, therefore, declined to accord it controlling effect. *See United States v. Davis*, 825 F.3d 1014, 1023 (9th Cir. 2016) (*en banc*) (concluding that *Freeman* "plurality opinion is actually the narrower one in certain respects"); *United States v. Epps*, 707 F.3d 337, 350 & n.8 (D.C. Cir. 2013) (suggesting that two rationales for decision are incompatible insofar as focus of plurality's inquiry is judge and focus of concurrence's inquiry is parties).[5] According to these two courts, only the

---

[5] In concluding that the rationale for decision of the *Freeman* concurrence was not necessarily narrower than that of the plurality, the D.C. and Ninth Circuits hypothesized a scenario in which an 11(c)(1)(C) agreement provided for a particular Guidelines range to apply and a sentence at the bottom of that range to be imposed, only to have the district court, while accepting the agreement, conclude that the agreed-to range did not pertain at all because the career offender range was applicable.

> Using Justice Sotomayor's standard, if the sentencing range used by
> the parties is subsequently reduced, the defendant would be eligible

16

*Freeman* result—"that § 3582(c)(2) relief is not invariably barred when a sentence was imposed pursuant to a Rule 11(c)(1)(C) plea agreement"—is binding, *United States v. Epps*, 707 F.3d at 351, leaving lower courts free to follow the more persuasive rationale for that result, which both courts decided is that of the plurality opinion, *see id.*; *accord United States v. Davis*, 825 F.3d at 1026.

We need not here decide which of the *Freeman* rationales for decision is the narrower, or which is more persuasive, because we conclude that Leonard's 114-month sentence is properly recognized as "based on" the Sentencing Guidelines under the reasoning of either the plurality or the concurrence.

To explain, we begin with the plurality, which recognized that even 11(c)(1)(C) sentences that varied from the Guidelines range calculated by the district court could be "based on the Guidelines": "Even where the judge varies"

---

> for a sentence reduction because the plea agreement was accepted and provided for a stipulated sentence based on a subsequently reduced range—according to Justice Sotomayor, eligibility is determined based on the agreement. The plurality, however, would find this defendant ineligible because the range that the parties agreed to played no role in the court's determination that this was an appropriate sentence, despite the fact that the court imposed the agreed-upon term of imprisonment.

*United States v. Epps*, 707 F.3d at 350 n.8 (internal quotation marks omitted); *accord United States v. Davis*, 825 F.3d at 1023.

below the recommended Guidelines range, "if the judge uses the sentencing range as the beginning point to explain the decision to deviate from it, then the Guidelines are in a real sense a basis for the sentence." *Freeman v. United States*, 564 U.S. at 529 (plurality opinion). This reasoning appears to recognize the possibility that a sentence can be "based on" the Guidelines even if departing or varying from the applicable Guidelines range.

That describes this case. The district court here began its consideration of Leonard's sentence by independently calculating his applicable Guidelines range, adopting certain recommendations by Probation (as to role) and rejecting others (as to firearms possession), without regard to the parties' 11(c)(1)(C) agreement. Only after thus identifying the applicable Guidelines range and then considering it together with "all the factors under [18 U.S.C.] Section 3553(a)" did the court effectively decide to vary from the Guidelines and to sentence Leonard within the lower range agreed to by the parties. App'x 94; *see United States v. Kuhlman*, 711 F.3d 1321, 1325 (11th Cir. 2013) (characterizing acceptance of parties' agreed-to below-Guidelines sentence as "effectively a . . . downward variance" from Guidelines); *United States v. Pleasant*, 704 F.3d at 812 (viewing imposition of below-Guidelines sentence pursuant to plea agreement as

18

equivalent of downward variance). In explaining its acceptance of the 11(c)(1)(C) agreement, the district court referenced the parties' agreement, but relied in the main on reasoning that would inform a sentence in any event, specifically, that the agreed upon range was "sufficient in my view, but not greater than necessary, to meet those [§ 3553(a)] sentencing objectives." App'x 94–95; *see* 18 U.S.C. § 3553(a) (requiring court to impose "sentence sufficient, but not greater than necessary, to comply with the purposes set forth in . . . this subsection"); *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (recognizing "overarching" statutory obligation, even within Guidelines regimen, to impose sentence "sufficient, but not greater than necessary, to accomplish the goals of sentencing" (internal quotation marks omitted)). The court then proceeded to explain in some detail—spanning seven pages of transcript—how the § 3553(a) factors, as applied specifically to Leonard, warranted a sentence of 114 months' incarceration. *See* App'x 105–12.

On this record, we conclude that, under the *Freeman* plurality's rationale for decision, Leonard's sentence was "based on" the Sentencing Guidelines because the district court used his Guidelines range as "the beginning point" for

its sentencing analysis, even though ultimately deciding to vary below that applicable range. *Freeman v. United States*, 564 U.S. at 529 (plurality opinion).

Turning to Justice Sotomayor's concurrence, its rationale for decision focused not on the sentencing judge's consideration of the Guidelines but on the terms of the parties' agreement. *See id.* at 536–37 (Sotomayor, J., concurring in the judgment) (rejecting idea that district courts could "reduce a term of imprisonment [pursuant to § 3582(c)(2)] simply because the court itself considered the Guidelines"). It concluded that, if an 11(c)(1)(C) agreement "call[ed] for the defendant to be sentenced within a particular Guidelines sentencing range," and the district court accepted the agreement, thereby obligating it "to sentence the defendant accordingly," then "there can be no doubt that the term of imprisonment the court imposes is 'based on' the agreed-upon sentencing range within the meaning of § 3582(c)(2)." *Id.* at 538. Justice Sotomayor reached the same conclusion with respect to 11(c)(1)(C) agreements providing for a specific term of imprisonment if they made clear "that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." *Id.* at 539.

This case falls within the concurrence's first category.  In their 11(c)(1)(C) agreement, the parties here not only called for Leonard to be sentenced within the Guidelines range of 97 to 121 months, but also detailed the Guidelines calculation producing that range, identifying the particular Guidelines providing for a base offense level of 30, *see* U.S.S.G. § 2D1.1(a)(3), (c)(5); a three-level upward adjustment for aggravating role, *see id.* § 3B1.1(b); and a three-level downward adjustment for acceptance of responsibility, *see id.* § 3E1.1(a), (b); as well as identifying the Guidelines criminal history category of I.  *See* App'x 11–14.  Under the concurrence's reasoning, when an 11(c)(1)(C) agreement thus expressly uses the Guidelines to identify the agreed-upon sentencing range, a district court's acceptance of the agreement and its imposition of the agreed-upon sentence satisfies the "based on" requirement of § 3582(c)(2).

Further, under the concurrence's rationale for decision, no different conclusion is warranted because, in the agreement, the parties acknowledged that the district court was "not bound by the Sentencing Guidelines."  *Id.* at 11.  Whatever options were available to the district court before it accepted the parties' agreement, the *Freeman* concurrence specifically states that, once the court indicated acceptance, it was "obligate[d] . . . to sentence the defendant

21

accordingly," that is, according to the agreed-upon Guidelines calculation, so that its sentence was "'based on' the agreed-upon [Guidelines] sentencing range." *Freeman v. United States*, 564 U.S. at 538 (Sotomayor, J., concurring in the judgment).

A question arises, however, as to whether the concurrence's rationale supports that "based on" conclusion even where, as here, the Guidelines sentencing range agreed to by the parties is not the Guidelines range independently calculated by the district court. In short, can a miscalculated range be deemed "based on" the Guidelines for purposes of § 3582(c)(2)? The *Freeman* dissenters posed that question as a challenge to the concurrence's reasoning. *See id.* at 550–51 (Roberts, C.J., dissenting). Justice Sotomayor, however, did not hesitate to answer in the affirmative: "Because it is the parties' agreement that controls in the [11(c)(1)](C) agreement context, . . . even if the District Court had calculated the range differently than the parties, . . . Freeman would still be eligible for resentencing, as long as the parties' chosen range was one that was subsequently lowered by the Sentencing Commission." *Id.* at 542 n.8 (Sotomayor, J., concurring in the judgment) (alterations and internal quotation marks omitted). The dissenters characterized the answer as

22

"surprising" given that "the governing Guidelines provision specifies that a defendant is only eligible for sentence reduction if the amended Guideline has 'the effect of lowering the defendant's applicable guideline range'—presumably the *correct* applicable guideline range." *Id.* at 551 (Roberts, C.J., dissenting) (emphasis in original) (quoting U.S.S.G. § 1B1.10(a)(2)(B)).

Because the district court in *Freeman* did not calculate defendant's applicable Guidelines range differently from the parties, these exchanges about a circumstance not before the Court can be viewed as *dicta*. *See United States v. Santos*, 553 U.S. 507, 523 (2008) (stating that "speculations" as to "a case that is not before" the Court are "the purest of dicta"). Further, as we explain *infra* at Part II.B.2., a post-*Freeman* amendment to § 1B1.10(a) commentary clarifies how a defendant's applicable Guidelines range is to be calculated. We need not here decide whether or how this clarification might prompt the Supreme Court, and Justice Sotomayor in particular, to refine their analysis of the "based on" requirement for § 3582(c)(2) relief. We conclude only that Justice Sotomayor, like her plurality colleagues, reasoned that sentences not within the Guidelines range calculated by the district court could be "based on" the Guidelines for purposes of § 3582(c)(2).

23

Thus, although the *Freeman* concurrence and plurality employ different rationales for decision, under either, Leonard's 114-month sentence is properly understood to be "based on" the Sentencing Guidelines even though the parties calculated those Guidelines in their 11(c)(1)(C) agreement differently than did the district court. Thus, Leonard satisfies the first eligibility requirement for a § 3582(c)(2) sentence reduction.

2. The Guidelines Range "Applicable To" Leonard Was Lowered by Amendment from 121 to 151 Months to 97 to 121 Months

Although Leonard's sentence is "based on" the Guidelines, he is only eligible for a sentence reduction to the extent "the guideline range *applicable to* [him] has subsequently been lowered as a result of an amendment to the Guidelines." U.S.S.G. § 1B1.10(a)(1) (emphasis added); *see id.* § 1B1.10(b)(1) (stating that "whether, and to what extent" defendant's sentence may be reduced is determined by amended applicable Guidelines range); *United States v. Pleasant*, 704 F.3d at 812 (denying § 3582(c)(2) relief to defendant because, although he satisfied statute's "based on" requirement, crack Guidelines amendment did not lower career offender Guidelines "applicable to" him). The parties here agree that Amendment 782 lowered the Guidelines ranges for most drug crimes,

24

including Leonard's. They dispute, however, what Guidelines range was "applicable to" Leonard when he was sentenced.

Leonard argues that his initial applicable range was 97 to 121 months, the range specified in his 11(c)(1)(C) agreement, which the district court accepted. Because Amendment 782 lowered that range to 78 to 97 months, Leonard submits he is eligible for a reduction to that extent.

The government maintains that Leonard's applicable Guidelines range was 121 to 151 months, the range calculated by the district court before accepting the parties' agreement. It argues that because Amendment 782 lowered that range to 97 to 121 months—the range within which Leonard was sentenced pursuant to his 11(c)(1)(C) agreement—he is not entitled to any further reduction.

We agree that Leonard's applicable Guidelines range was 121 to 151 months, but we do not agree that he is *ineligible* for any reduction from his 114-month sentence. That applicable range having been lowered to 97 to 121 months, the district court—in its discretion—could reduce Leonard's sentence to anywhere from 97 to 113 months. Thus, Leonard is at least eligible for a sentence reduction to that extent.

25

To explain our conclusion, we begin with the commentary to § 1B1.10, which explicitly defines the "applicable guideline range" that must be lowered to allow for a § 3582(c)(2) reduction as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A). Two parts of this definition defeat Leonard's argument that the 97-to-121-month range agreed to by the parties in their 11(c)(1)(C) agreement became his "applicable" range when the district court accepted the agreement.

First, § 1B1.1(a), referenced in the above-quoted definition, states that "[t]he *court* shall determine the kinds of sentence and the guideline range *as set forth in the guidelines*," whereupon it proceeds to specify the order in which a court is to apply various Guidelines provisions. *Id.* § 1B1.1(a) (emphases added). In short, the highlighted language plainly assigns responsibility for determining the applicable Guidelines range to "the court," not the parties, and requires the court to make that determination "as set forth in the guidelines," not by reference to the parties' agreement. *Id.*

26

Second, and more compelling, the quoted definition states that the "applicable guideline range" is identified "before consideration of any departure . . . or any variance." *Id.* § 1B1.10 cmt. n.1(A). The Sentencing Commission explained that it added this language to the Guidelines commentary to resolve a circuit split on the issue of whether the applicable Guidelines range is determined before or after any departure or variance. *See id.* at App. C, Vol. III, Amend. 759, at 421. The definition makes plain that it is determined before. Our court has acknowledged as much in abrogating our own precedent at odds with the commentary definition. *See United States v. Steele*, 714 F.3d 751, 754 (2d Cir. 2013) (observing that definition makes clear that "'applicable' amended Guidelines range . . . does not incorporate any Guidelines 'departures'" or variances, thus abrogating *United States v. Rivera*, 662 F.3d 166 (2d Cir. 2011) (using sentencing range calculated *after* departure in determining defendant's eligibility for § 3582(c)(2) reduction)); *see also United States v. Garrett*, 758 F.3d 749, 753 (6th Cir. 2014) (stating that applicable Guidelines range is produced "after a *correct* determination of the defendant's total offense level and criminal history category but prior to any discretionary departures" (emphasis in original)).

As we have already explained, when a district court accepts an 11(c)(1)(C) sentence or sentencing range that is lower than its calculated Guidelines range, what the court effectively does is grant a departure or variance. *See supra* Part II.B.1. There is no doubt as to the court's authority to do so. But that does not transform the lower agreed-upon range into the applicable Guidelines range. As the commentary to § 1B1.10 makes plain, the "applicable guideline range" for purposes of determining a defendant's eligibility for a § 3582(c)(2) reduction is always that determined by the court as set forth in the Guidelines, without regard to the parties' agreement to a different calculation, and before the exercise of any departure or variance discretion. *See United States v. Pleasant*, 704 F.3d at 811–12.

That conclusion is reinforced by U.S.S.G. § 6B1.2(c), which states that "the court may accept" an 11(c)(1)(C) agreement if the sentence agreed to therein is either (1) "within the applicable guideline range" or (2) "outside the applicable guideline range for justifiable reasons." U.S.S.G. § 6B1.2(c)(1), (2) (policy statement). The second option plainly recognizes that an 11(c)(1)(C) sentence or sentencing range may *not* fall within or equate to the "applicable guideline range" as that term is defined in the commentary to § 1B1.10 and identified

28

pursuant to § 1B1.1(a). *See generally Brown v. Gardner*, 513 U.S. 115, 118 (1994) (presuming that "given term is used to mean the same thing throughout a statute"); *accord United States v. Steele*, 714 F.3d at 754 n.2 (applying principle to Guidelines). Thus, although § 6B1.2(c) approves 11(c)(1)(C) sentences "outside the applicable guideline range for justifiable reasons," it does not thereby transform "the applicable guideline range" to whatever the parties agree to in their 11(c)(1)(C) agreement. It simply recognizes, as we have here, the court's authority to impose 11(c)(1)(C) sentences that depart or vary from the applicable Guidelines range. *See United States v. Pleasant*, 704 F.3d at 812.

Leonard maintains that the *Freeman* concurrence compels a different conclusion insofar as it states that, in the context of 11(c)(1)(C) sentences, "it is the parties' agreement that controls," so that "even if the District Court had calculated the range differently than the parties, [defendant] would still be eligible for resentencing, *as long as the parties' chosen range was one that was subsequently . . . lowered by the Sentencing Commission*." *Freeman v. United States*, 564 U.S. at 542 n.8 (Sotomayor, J., concurring in the judgment) (emphasis added); *see also United States v. Smith*, 658 F.3d at 613 (holding that agreed-to range was applicable because *Freeman* makes clear that "where the parties have entered into

29

a Rule 11(c)(1)(C) plea agreement that is based on the Sentencing Guidelines, the applicable Guidelines range for purposes of § 3582(c) is the one provided in the plea agreement"). We are not persuaded that *Freeman* compels the result Leonard urges.

First, *Freeman* did not have to decide what constitutes the applicable sentencing range for purposes of a § 3582(c)(2) reduction. The defendant's agreed-upon 11(c)(1)(C) sentence was there within the Guidelines range calculated by the district court, and there was no question that that range had been lowered by retroactive amendment. *See Freeman v. United States*, 564 U.S. at 527–28 (plurality opinion). Thus, the only question for decision was whether such an 11(c)(1)(C) sentence could be deemed "based on" the Guidelines as required for a § 3582(c)(2) reduction. A majority answered that question in the affirmative, *see id.* at 526 (plurality opinion); *id.* at 534 (Sotomayor, J., concurring in the judgment); a minority in the negative, *see id.* at 544 (Roberts, C.J., dissenting).

In these circumstances, whatever authority the *Freeman* concurring opinion commands under *Marks v. United States*, 430 U.S. at 193, with respect to identifying 11(c)(1)(C) sentences "based on" the Guidelines, that authority would

30

not extend to identifying the Guidelines range "applicable to" a defendant when the district court calculates that range differently from the parties in their 11(c)(1)(C) agreement. The concurrence's "even if" conclusion about such a circumstance—not then before the Court—is at best *dictum*. *See United States v. Martino*, 664 F.2d 860, 872–73 (2d Cir. 1981) (construing "narrowest grounds" under *Marks* test as "ground that is most nearly confined to the precise fact situation before the Court, rather than to a ground that states more general rules"). To the extent Leonard invokes such *dictum* to extend reasoning unanimously rejected by all other members of the Court, we understandably hesitate. S*ee Freeman v. United States*, 564 U.S. at 532–34 (plurality opinion); *id.* at 544 (Roberts, C.J., dissenting). In any event, there is a second, compelling reason for rejecting Leonard's "applicable to" argument.

Specifically, the construction Leonard infers from the *Freeman* concurrence is now at odds with a subsequent amendment to the Guidelines that explicitly defines the "applicable" range that must be lowered for a party to be eligible for a § 3582(c)(2) reduction. *See* U.S.S.G. § 1B1.10 cmt. n.1(A). As already discussed, that definition provides for the court to calculate the applicable range according to the Sentencing Manual. *See supra* Part II.B.2. It does not contemplate that the

31

parties will themselves identify the applicable Guidelines range, much less that they will do so differently than the district court. Nor does that definition permit a departure or variance—which is effectively what the court grants when it accepts an 11(c)(1)(C) agreement specifying a lower Guidelines range than that calculated by the district court—to reduce the applicable Guidelines range. Rather, the commentary defines the "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a)"—that is, by "the court . . . as set forth in the Guidelines," U.S.S.G. § 1B1.1(a)—"which is determined *before* consideration of any departure . . . or variance," *id.* § 1B1.10 cmt. n.1(A) (emphasis added).

Because this definition was added to the Guidelines on November 1, 2011, *id.* at App. C, Vol. III, Amend. 759, at 421, some four months after the *Freeman* decision, it supersedes any contrary understanding of the "applicable" Guidelines range that Leonard might urge from *dictum* in the concurring opinion. *See Stinson v. United States*, 508 U.S. 36, 46 (1993) (holding that "prior judicial constructions of a particular guideline cannot prevent the Commission from adopting a conflicting interpretation"). Moreover, because 18 U.S.C. §

32

3582(c)(2) expressly incorporates the Guidelines, the definition now binds the courts in assessing eligibility for a sentence reduction. *See generally Dillon v. United States,* 560 U.S. at 828 (holding that Sixth Amendment does not require treating § 1B1.10 requirements for § 3582(c)(2) sentence reduction as merely advisory).

To the extent the decision we reach today differs from that in *United States v. McCall*, 649 F. App'x 114 (2d Cir. 2016), we note, first, that *McCall* is a summary order and, therefore, does not preclude this panel from further considering the issues there addressed. *See Aguas Lenders Recovery Grp. v. Suez, S.A.*, 585 F.3d 696, 702 n.4 (2d Cir. 2009).[6]

Second, *McCall* is distinguishable from this case in that, like in *Freeman*, the parties' arguments there focused on whether the defendant's sentence was "based on" the Guidelines. *See* Brief for Appellant McCall at 5–6, Brief for

---

[6] McCall was sentenced pursuant to an 11(c)(1)(C) agreement to a prison term of 108 months, which derived from the parties' calculation of an anticipated 108-to-135-month Guidelines range. At sentencing, the parties and the district court agreed that the Guidelines calculations underlying the agreement were erroneous and that defendant's applicable Guidelines range was 121 to 151 months. Nevertheless, relying on the *Freeman* concurrence, this court determined that McCall was eligible for a § 3582(c)(2) sentence reduction based on the lowering of the agreed-to 108-to-135-month range to an 87-to-108-month range. *See United States v. McCall*, 649 F. App'x at 116–17.

Appellee United States at 9–12, *United States v. McCall*, 649 F. App'x 114 (2d Cir. 2016) (No. 15–1814). The United States did not argue that, if defendant's sentence was based on the Guidelines, his applicable range was the one calculated by the district court rather than the lower range agreed to by the parties. *See* Brief for Appellee United States at 9–12, *United States v. McCall*, 649 F. App'x 114 (2d Cir. 2016) (No. 15-1814) (arguing principally that 11(c)(1)(C) agreement did not sufficiently tether agreed-upon sentence to Guidelines, as required to be "based on" Guidelines under *Freeman* concurrence). Nor did any party call to the court's attention the intervening definitional amendment to the Guidelines, expressly stating that the "applicable" sentencing range is to be determined "pursuant to 1B1.1(a)," and "before consideration of any departure provision . . . or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A). That definition does not contemplate recognizing a lower Guidelines range identified in parties' 11(c)(1)(C) agreement as the applicable range. Thus, the *McCall* panel accepted the whole of the *Freeman* concurrence's footnote 8 without distinguishing the "based on" and "applicable to" requirements for a § 3582(c)(2) sentence reduction.

Accordingly, while *Freeman* signals that the 97-to-121-month range in Leonard's 11(c)(1)(C) agreement was "based on" the Guidelines, commentary to the Guidelines now instructs that Leonard's "applicable" Guidelines range was 121 to 151 months, as calculated by the district court pursuant to § 1B1.1(a) and *before* it accepted an 11(c)(1)(C) agreement, effectively granting a variance. Because *that* applicable range was retroactively lowered by Amendments 782 and 788 to 97 to 121 months, Leonard is eligible for a sentence reduction, but only to the extent of that range, in short, to between 97 and 113 months. We thus vacate the challenged order and remand for the district court to consider whether to exercise its reduction discretion. *See United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010) (holding that, where defendant is eligible for sentence reduction, district court may reduce sentence "in its discretion" (internal quotation marks omitted)).

In urging against vacatur and remand, the government argues that any error in the district court's understanding of Leonard's eligibility for a § 3582(c)(2) reduction was necessarily harmless because, "having already used" a 97-to-121-month sentencing range—pursuant to the parties' 11(c)(1)(C) agreement—to determine an appropriate sentence, "it is beyond cavil that the

district court would have imposed the same 114-month sentence" in the exercise of its § 3582(c)(2) discretion.  Appellee's Br. 15; *see United States v. Mock*, 612 F.3d at 137.  The argument is not without some force, but the urged conclusion is not certain.  *Cf. United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (stating that procedural error in sentencing is harmless only where "record indicates clearly that the district court would have imposed the same sentence in any event" (internal quotation marks omitted)).  That is because we do not know what weight the district court gave the initial applicable Guidelines range in granting the variance reflected in the parties' agreed-to lower range.  Thus, we cannot be certain that if the district court were presented with a lower applicable range equal to the agreed-to range, it would not sentence at the lower end of the range.  *See United States v. Feldman*, 647 F.3d 450, 459–60 (2d Cir. 2011) ("[B]ecause the correct Guidelines range is the starting point and the initial benchmark for federal sentences, we cannot lightly assume that [a different range calculation] would not affect the sentence." (citation and internal quotation marks omitted)).

In any event, a district court exercises its reduction discretion only "after considering the factors set forth in section 3553(a) to the extent they are applicable."  18 U.S.C. § 3582(c)(2); s*ee Dillon v. United States*, 560 U.S. at 824–25;

*United States v. Christie*, 736 F.3d at 195 (observing that district court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted . . . under the particular circumstances of the case" (internal quotation marks omitted)). Because this consideration can be informed by post-sentencing behavior, *see* U.S.S.G. § 1B1.10 cmt. n.1(B)(iii), the § 3553(a) factors may present differently on remand and be accorded different weights than at the initial sentence. In these circumstances, we cannot assume that just because the district judge, on weighing the § 3553(a) factors at the original sentencing, granted an agreed-to variance within the very range to which the applicable range has now been lowered by amendment, the district court would not exercise its discretion to grant any further reduction within the available 97-to-113-month frame.

We express no view as to how the district court should exercise its discretion. We conclude only that Leonard is eligible for a § 3582(c)(2) reduction of his 114-month sentence to a term not less than 97 months.

## III. <u>Conclusion</u>

To summarize, we conclude as follows:

1. To be eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), a defendant must satisfactorily demonstrate (a) that his sentence was "based on" the Sentencing Guidelines, and (b) that his "applicable" Guidelines range was lowered by a subsequent retroactive amendment.

2. Because (a) the district court considered the Guidelines in accepting the parties' 11(c)(1)(C) plea agreement, and (b) the parties calculated the sentencing range specified in that agreement using the Sentencing Guidelines, Leonard's sentence within that range is properly deemed "based on" the Guidelines under the reasoning of both the plurality and concurring opinions in *Freeman v. United States*, 564 U.S. 522, *see id.* at 525 (plurality opinion); *id.* at 534 (Sotomayor, J., concurring in the judgment), notwithstanding the fact that the district court, before accepting the agreement, had calculated the defendant's applicable Guidelines range differently.

3. While an 11(c)(1)(C) sentencing range that is lower than the district court's applicable Guidelines calculation can be recognized as "based on" the Guidelines under *Freeman*, such an agreed-to range does not thereby become the

"applicable" range for purposes of § 3582(c)(2). A post-*Freeman* amendment to Guidelines commentary now clarifies that the "applicable" Guidelines range is one determined (a) by the court according to the Guidelines Manual, not by the parties' agreement; and (b) "before consideration of any departure . . . or any variance," such as would be granted pursuant to an 11(c)(1)(C) agreement that contemplates a lower Guidelines range than that calculated by the district court. *See* U.S.S.G. § 1B1.10 cmt. n.1(A).

4. Leonard's initial "applicable" Guidelines range was 121 to 151 months, as determined by the district court before it accepted the parties' 11(c)(1)(C) agreement specifying a 97-to-121-month range. Because that applicable range was retroactively amended to 97 to 121 months, Leonard is at least eligible for a reduction in his 114-month Guidelines-based sentence, but not to any term lower than 97 months, with the ultimate decision whether to grant any reduction committed to the discretion of the district court.

Accordingly, the final order of the district court holding Leonard ineligible for a § 3582(c)(2) reduction is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.