16-3415 (Con)
United States v. Brancaccio

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 29th day of October, two thousand eighteen.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
                         *Circuit Judges.*
             ROBERT W. SWEET,[1]
                         *District Judge.*

_____

UNITED STATES OF AMERICA,

                            *Appellee*,

              v.                                                      16-2710 (L),
                                                                      16-3415 (Con)[2]

JOHN BRANCACCIO, also known as Sealed Defendant 16,
Also known as Johnny Bandana,

                 *Defendant-Appellant*.[3]

_____

Appearing for Appellant:     John Brancaccio, pro se, Bruceton Mills, W.V.

---

[1] Judge Robert W. Sweet, United States District Court for the Southern District of New York, sitting by designation.

[2] The Lead appeal, 16-2710, was withdrawn on April 10, 2018.

[3] The Clerk of the Court is directed to amend the caption as above.

Appearing for Appellee:     Stephanie Lake, Assistant United States Attorney (Won S. Shin, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the District of New York, New York, N,Y.

Appeal from the United States District Court for the Southern District of New York (Berman, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

John Brancaccio moved under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence for conspiracy to commit murder based on Amendment 782 to the United States Sentencing Guidelines.  The district court denied the motion.  We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We affirm. Section 3582(c)(2) provides that a sentencing court may reduce a defendant's term of imprisonment if he is eligible for a reduction because he was sentenced based on a guidelines range that was subsequently lowered by the Sentencing Commission.  *See* 18 U.S.C. § 3582(c)(2).  "Amendment 782 . . . amended the Drug Quantity Table in U.S.S.G. § 2D1.1 to reduce the offense levels associated with certain controlled substances crimes by two levels." *United States v. Leonard*, 844 F.3d 102, 106 (2d Cir. 2016); *see also* U.S.S.G. Supp. to App'x C, amend. 782.

After Brancaccio pleaded guilty to racketeering in 2012, the district court sentenced him to 165 months' imprisonment, a sentence below his calculated guidelines range of 210 to 240 months' imprisonment. Because the underlying offense to the racketeering was drug trafficking, the Probation Office calculated his base offense level as 32 based on the drug quantity involved in his offense. Under Amendment 782, however, Brancaccio's base offense level dropped from 32 to 30. U.S.S.G. Supp. to App'x C, amend. 782 (2016 Guidelines) (showing that a base offense level of 32 would be reduced to 30).

Combined with Brancaccio's criminal history category of VI, the application of the amendment would have lowered his guidelines range to 168 to 210 months' imprisonment. U.S.S.G. § 5A (2011 Guidelines Sentencing Table).  However, because Brancaccio's original sentence of 165 months' imprisonment falls below this adjusted range, he is not eligible for a sentence reduction.  *See United States v. Rios*, 765 F.3d 133, 140 (2d Cir. 2014) (holding that defendant was ineligible for a sentence reduction where his original sentence was below the adjusted guidelines range); *see also* U.S.S.G. § 1B1.10(b)(2)(A) (prohibiting reduction of sentence under § 3582(c)(2) "to a term that is less than the minimum of the amended guideline range").

We have considered the remainder of Brancaccio's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk