15-3097-cr
United States v. Gonzalez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand seventeen.

PRESENT: REENA RAGGI,
RAYMOND J. LOHIER, JR.
CHRISTOPHER F. DRONEY,
*Circuit Judges*.

---

UNITED STATES OF AMERICA,
*Appellee*,

v.                     No. 15-3097-cr

FRANCISCO GONZALEZ,
*Defendant-Appellant*.

---

FOR APPELLANT:                 Francisco Gonzalez, *pro se*, Lewisburg, Pennsylvania.

FOR APPELLEE:                 Monica J. Richards, Assistant United States Attorney, *for* James P. Kennedy, Jr., Acting United States Attorney for the Western District of New York, Buffalo, New York.

Appeal from a final order of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the final order entered on September 14, 2015, is VACATED, and the case is REMANDED for further proceedings.

Defendant Francisco Gonzalez is presently serving a 101-month prison sentence imposed after he pleaded guilty to cocaine and firearms crimes pursuant to Fed. R. Crim. P. 11(c)(1)(C). *See* 21 U.S.C. § 841(a)(1); 18 U.S.C. § 922(g)(1). He here appeals, *pro se*, from the denial of a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 782 on the ground that he was ineligible. We review *de novo* a defendant's ineligibility for a § 3582(c)(2) sentence reduction. *See United States v. Leonard*, 844 F.3d 102, 106–07 (2d Cir. 2016). In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to vacate and remand.

A convicted defendant is eligible for a sentence reduction if (1) he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered," and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The pertinent policy statement conditions reduction eligibility on "the guideline range applicable to that defendant ha[ving] subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d)." U.S.S.G. § 1B1.10(a)(1). Thus, to be eligible for a sentence reduction, "(1) the original sentence must have been 'based on' the Sentencing Guidelines, and (2) the amendment must have lowered the Guidelines range

2

'applicable to' the defendant at the time of the original sentencing." *United States v. Leonard*, 844 F.3d at 107.

1.    "Based On"

Although Gonzalez was sentenced above the 78-to-97-month Guidelines range calculated by the district court (and the 63-to-78-month range referenced in his 11(c)(1)(C) agreement), we conclude for the reasons stated in *United States v. Leonard*, 844 F.3d at 107–12, that his 101-month sentence was "based on" the Guidelines as that requirement was construed by justices in the majority in *Freeman v. United States*, 564 U.S. 522 (2011).

The *Freeman* plurality held that, where a district court accepts an 11(c)(1)(C) agreement, "§ 3582(c)(2) modification proceedings should be available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to . . . approve the agreement." *Freeman v. United States*, 564 U.S. at 530. "[I]f the judge uses the [calculated] sentencing range as the beginning point to explain the decision to deviate from it, then the Guidelines are in a real sense a basis for the sentence." *Id.* at 529.

Here, the district court independently calculated Gonzalez's applicable Guidelines range before agreeing to the parties' stipulated sentence of 101 months, explaining that such an upward departure was "reasonable and understandable" to reflect criminal "conduct for which [Gonzalez was] not going to be prosecuted." App'x Sched. D. at 11; *see United States v. Leonard*, 844 F.3d at 109–10 (stating that *Freeman* plurality "appear[ed] to recognize the possibility that a sentence can be 'based on' the Guidelines

3

even if departing or varying from the applicable Guidelines range"). In sum, it was only after explicitly considering the applicable Guidelines range in conjunction with the 18 U.S.C. § 3553(a) factors that the district court imposed the agreed-upon 11(c)(1)(C) sentence. On this record, we conclude that, under the *Freeman* plurality's rationale for decision, Gonzalez's sentence was "based on" the Guidelines. *See Freeman v. United States*, 564 U.S. at 534 (stating that "judge's decision to accept the [11(c)(1)(C)] plea and impose the recommended sentence is likely to be based on the Guidelines").

The district court's statement that the difference between its own Guidelines calculation and that in the plea agreement was "not going to make any difference whatsoever" warrants no different conclusion. App'x Sched. D. at 10. This statement can be read simply as an observation that "based on" its Guidelines calculation, it deemed the agreed-upon sentence an appropriate departure in light of other § 3553(a) factors.

The *Freeman* concurrence identifies the parties' 11(c)(1)(C) agreement, rather than the district court's Guidelines calculation, as critical to the "based on" analysis. *See Freeman v. United States*, 564 U.S. at 539 (Sotomayor, J., concurring in the judgment) (stating that defendant is eligible for relief where plea agreement "make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty"). The concurrence stated that its reasoning was not limited to sentences within a specified Guidelines range, but also applied to departures that were determined by reference to the Guidelines. *See id.* at 543 n.9; *United States v. Leonard*, 844 F.3d at 110. In Gonzalez's plea agreement, the parties detailed a Guidelines calculation for both counts of the information before

4

agreeing that "an upward departure and non-Guidelines sentence [of 101 months' imprisonment] pursuant to Guidelines § 5K2.21 (dismissed and uncharged conduct) is appropriate." App'x Sched. C. at 9. This language makes clear that the basis for the agreed-upon sentence was the identified Guidelines range, with an upward departure specifically authorized by the Guidelines.

In urging otherwise, the government suggests that the stipulated above-Guidelines sentence is based at least in part on its agreement not to file a prior-felony information pursuant to 21 U.S.C. § 851. While the agreement represents that no such information will be filed, it makes no mention of that forbearance as a sentencing factor. Only U.S.S.G. § 5K2.21 is cited to support the departure. We do not understand the *Freeman* concurrence to support looking beyond this ground. *See Freeman v. United States*, 564 U.S. at 538 (Sotomayor, J., concurring in the judgment) (rejecting idea that "§ 3582(c)(2) calls upon district courts to engage in a free-ranging search through the parties' negotiating history"). The government's separate contention that the agreed-upon sentence represented a reduction from potential mandatory minimums fails for the same reason.

Accordingly, we conclude that Gonzalez's sentence was "based on" a Guidelines sentencing range as that requirement has been construed in the *Freeman* plurality and concurring opinions.

2. "Applicable To"

Where a defendant pleads guilty pursuant to an 11(c)(1)(C) agreement, his applicable Guidelines range for purposes of determining § 3582(c)(2) eligibility is "that

5

determined by the court as set forth in the Guidelines, without regard to the parties' agreement to a different calculation, and before the exercise of any departure or variance discretion." *United States v. Leonard*, 844 F.3d at 113. The district court here determined that Gonzalez's applicable Guidelines range was 78 to 97 months' imprisonment. Amendment 782 lowered that range to 63 to 78 months. *See* U.S.S.G., Supp. to App. C., Amend. 782 (Nov. 2014).

Because Gonzalez was sentenced to a term of imprisonment based on a subsequently lowered sentencing range and because the subsequent amendment lowered his applicable Guidelines range, he is eligible for a sentence reduction under § 3582(c)(2). We are, therefore, obliged to vacate the challenged order of denial and to remand the case. In doing so, however, we note that even if a defendant is eligible for a sentence reduction, it remains within the discretion of the district court to determine whether such a reduction is warranted under the circumstances of the case. *See Dillon v. United States*, 560 U.S. 817, 826–27 (2010). We take no position as to whether such a reduction is warranted in this particular case, or, if warranted, the appropriate extent of a reduction. *See id.*; *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009).

3. <u>Conclusion</u>

We have considered the parties' remaining arguments and conclude that they are without merit. Accordingly, the order of the district court is VACATED, and the case is REMANDED for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6