16-2851-cr
United States v. James

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand seventeen.

PRESENT:  PIERRE N. LEVAL,
                    REENA RAGGI,
                    RAYMOND J. LOHIER, JR.,
                              *Circuit Judges*.

------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                              *Appellee*,


              v.                                                    No. 16-2851-cr


FIRKON JAMES, AKA "Rock," AKA "Maurice Patterson," AKA "Mark James," AKA "John Atkins" (Federal Prisoner: 20372-055),
                              *Defendant-Appellant*.
------------------------------------------------------------------------

FOR APPELLANT:                    Edward S. Zas, Of Counsel, Federal Defenders of New York, Inc., Appeals Bureau, New York, New York.

FOR APPELLEE:                     Joseph J. Karaszewski, Assistant United States Attorney, *for* James P. Kennedy, Jr., Acting United States Attorney for the Western District of New York, Buffalo, New York.

1

Appeal from a final order of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the final order entered on July 18, 2016, is AFFIRMED.

Defendant Firkon James stands convicted of conspiracy to traffic in crack cocaine. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), 846. Originally sentenced to a below-Guidelines 300-month prison term, he here appeals from the order reducing that sentence to 292 months pursuant to 18 U.S.C. § 3582(c)(2), arguing that the district court incorrectly determined that it could not reduce his sentence further. Because the district court's decision rested upon its interpretation of § 3582(c)(2) and a related Sentencing Guidelines policy statement, *see* U.S.S.G. § 1B1.10, we review its determination *de novo*, *see United States v. Leonard*, 844 F.3d 102, 106–07 (2d Cir. 2016). In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.[1]

A convicted defendant is eligible for a sentence reduction if (1) he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered," and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). One such policy statement conditions reduction eligibility on "the guideline range applicable to that

---

[1] The government suggests that James's notice of appeal was untimely but does "not object" to our review of the merits. Appellee's Br. 2 n.2. Because the government has thus waived any timeliness argument, and Fed. R. App. P. 4(b) is not jurisdictional, *see United States v. Frias*, 521 F.3d 229, 234 (2d Cir. 2008), we proceed to the merits.

defendant ha[ving] subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d)." U.S.S.G. § 1B1.10(a)(1).

The parties do not here dispute that James was eligible for a sentence reduction, but they disagree as to the available extent of that reduction. In *United States v. Leonard*, we held that a defendant's "applicable" Guidelines range was "that determined by the court as set forth in the Guidelines, without regard to the parties' agreement [under Fed. R. Crim. P. 11(c)(1)(C)] to a different calculation, and before the exercise of any departure or variance discretion." 844 F.3d at 113. The district court determined James's applicable Guidelines range to be 324 to 405 months' imprisonment based on a total offense level of 36 and a criminal history category of VI, the latter dictated by James's classification as a career offender pursuant to U.S.S.G. § 4B1.1. James's career-offender status did not inform his offense level because the then-applicable base offense level of 34, *see* U.S.S.G. § 2D1.1(c)(3) (Nov. 2009), with two-level enhancements for both weapon possession, *see id.* § 2D1.1(b)(1), and aggravating role, *see id.* § 3B1.1(c), yielded an adjusted offense level of 38, which was higher than the level 37 provided for a career offender, *see id.* § 4B1.1(b).[2]

Amendments lowering drug quantity base offense levels would have lowered James's adjusted offense level from 38 to at least 36. *See* U.S.S.G., Supp. to App. C., Amends. 782, 788 (Nov. 2014).[3] But the career-offender classification precluded the

---

[2] A two-level credit for acceptance of responsibility then reduced James's total offense level to 36. *See* U.S.S.G. § 3E1.1(a).

[3] In the 2009 Guidelines under which James was initially sentenced, the quantity of

3

district court from applying a base offense level lower than 37. *See* U.S.S.G. § 4B1.1(b)(1) (stating that offense level of 37 applies for offense with statutory maximum of life such as 21 U.S.C. § 841(b)(1)(A)(iii) where non-career-offender offense level would be less than 37). Thus, with application of acceptance credit, the net effect of the offense level reduction amendments in James's case was a total offense level of 35 rather than the initially calculated 36. That level, with a criminal history category of VI, yielded a 292-to-365-month Guidelines range. Because U.S.S.G. § 1B1.10(b)(2) instructs that sentence reduction under § 3582(c)(2) cannot be to a term less than the low end of the amended Guidelines range, the district court correctly concluded that it could not reduce James's sentence below 292 months.

In urging otherwise, James argues that his applicable Guidelines range was that agreed to by the parties in his plea agreement: 262 to 327 months, derived from a total offense level of 36 and a criminal history category of IV. With the relevant reduction in that offense level, James maintains that granting his § 3582(c)(2) motion would result in, at most, a 210-to-262-month range, allowing the district court to sentence him to as low as the mandatory minimum term of 240 months. *See* U.S.S.G. § 5G1.1(c)(2). Again,

---

drugs that he agreed in his plea agreement were involved in his criminal conduct, 500 grams to 1.5 kilograms of crack, was coterminous with the drug quantity necessary for a base offense level of 34. *See* U.S.S.G. § 2D1.1(c)(3) (Nov. 2009). In the 2014 Guidelines under which James moved for reduction in sentence, however, that drug-quantity range had been separated into two different ranges: 280 to 840 grams of crack produced a base offense level of 30, *see id.* § 2D1.1(c)(5) (Nov. 2014), while 840 grams to 2.8 kilograms of crack produced a base offense level of 32, *see id.* § 2D1.1(c)(4). Accordingly, it is not clear whether James's offense level would have decreased by 2 or 4 levels. We need not here choose between these base levels, however, because the career-offender classification automatically anchored that level at 37. *See id.* § 4B1.1(b).

4

this argument is foreclosed by *United States v. Leonard*, 844 F.3d at 116 (identifying as "applicable" Guidelines range the one "calculated by the district court . . . *before* it accepted an 11(c)(1)(C) agreement" (emphasis in original)).[4] James recognizes as much, but argues that *Leonard* erred in so concluding. This panel, however, is bound by the *Leonard* decision, which has not been overruled either by the Supreme Court or by the Second Circuit sitting *en banc*. *See Doscher v. Sea Port Grp. Sec., LLC*, 832 F.3d 372, 378 (2d Cir. 2016). Accordingly, James's challenge fails on the merits.

We have considered James's remaining arguments and conclude that they are without merit. Accordingly, the order of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] To the extent James contends that *Freeman v. United States*, 564 U.S. 522 (2011), and *United States v. Smith*, 658 F.3d 608 (6th Cir. 2011), compel a contrary conclusion, those arguments were considered and rejected in *Leonard*, *see* 844 F.3d at 109, 114–16.

5