*United States v. Simels*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand nineteen.

PRESENT:

> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges,*
> JED S. RAKOFF,*
> > *District Judge.*

_____

United States of America,

> *Appellee,*

> v.                                             18-2237

Shaheed Khan, AKA Roger Khan, AKA Short Man, Arienne Irving,

> *Defendants,*

Robert Simels,

> *Defendant-Appellant.*

_____

_____

\* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

For Plaintiff-Appellee:                           Kevin Trowel, Ryan C. Harris,
                                                  Assistant United States Attorneys, of
                                                  Counsel, *for* Richard P. Donoghue,
                                                  United States Attorney for the
                                                  Eastern District of New York, New
                                                  York, N.Y.

For Defendant-Appellant:                          Robert M. Simels, pro se, Danbury,
                                                  CT.

Appeal from an order of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Robert Simels, a former defense attorney, represented Shaheed Khan in proceedings where Khan was ultimately indicted for, *inter alia*, engaging in a continuous criminal enterprise that involved conspiring to import at least 150 kilograms of cocaine. Thereafter, Simels was charged with, *inter alia*, conspiring to influence and prevent the testimony of witnesses at Khan's trial. Following a jury trial, Simels was convicted of conspiracy to obstruct justice and other crimes. Because Simels's offense involved obstructing Khan's prosecution, Simels's base offense level, which the sentencing court used to calculate his sentence, was based on Khan's drug charge. Simels, pro se, moved to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. The

2

district court denied his motion, reasoning that although Amendment 782 lowered

Simels's base offense level, that change did not alter his total offense level and his

applicable guideline range. Simels was therefore ineligible for a sentence

reduction. The district court also held that Simels could not use a § 3582(c)(2)

motion as a "backdoor attack" on his original sentence. This appeal followed.

We assume the parties' familiarity with the underlying facts, the procedural

history of the case, and the issues on appeal.

A sentencing court may reduce a defendant's term of imprisonment if he is

eligible for a reduction because he was sentenced based on a guideline range that

was subsequently lowered by the Sentencing Commission. *See* 18 U.S.C. §

3582(c)(2). "Amendment 782 . . . amended the Drug Quantity Table in U.S.S.G. §

2D1.1 to reduce the offense levels associated with certain controlled substances

crimes by two levels." *United States v. Leonard*, 844 F.3d 102, 106 (2d Cir. 2016); *see*

*also* U.S.S.G. Supp. to App'x C, amend. 782. Amendment 788 permits

Amendment 782 to be applied retroactively. *See* U.S.S.G. Supp. to App'x C,

amend. 788. This Court reviews de novo a district court's determination as to

whether a defendant is eligible for a sentence reduction. *See United States v.*

*Christie*, 736 F.3d 191, 195 (2d Cir. 2013).

District courts must follow a "two-step inquiry" when considering a § 3582(c)(2) motion: first, the district court must determine whether the defendant is eligible for a sentence modification and the extent of the reduction authorized; second, if the defendant is eligible, the court must then consider any applicable sentencing factors under 18 U.S.C. § 3553(a) and determine if the reduction is warranted. *Dillon v. United States*, 560 U.S. 817, 826–27 (2010). A sentence reduction is "not authorized" by statute if the amendment to the guideline "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). "[N]either [a] district court nor [a federal Court of Appeals] is free to address, in a proceeding pursuant to 18 U.S.C. § 3582(c)(2), [a] defendant's argument regarding procedural errors at his original, now-final sentencing." *United States v. Mock*, 612 F.3d 133, 135 (2d Cir. 2010).

On appeal, Simels does not challenge the district court's ruling that he was ineligible for a sentence reduction under Amendment 782 on the ground that applying the amendment would not have changed his applicable guideline range. He has therefore abandoned that argument. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (pro se litigant abandoned issue by failing to address it in his appellate brief); *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (this Court "normally will not [ ] decide issues that a party fails to raise in his . . . appellate brief.").

Even if we were to reach the merits, we would find that the district court properly held that Amendment 782's reduction of Simels's initial offense level by two levels did not alter his total offense level and applicable guideline range, thereby making him ineligible for a sentence reduction. The sentencing court found Simels's base offense level to be 30, which may be calculated by starting with a base offense level of 38 under U.S.S.G. § 2D1.1 for Khan's underlying offense of conspiring to import 150 kilograms or more of cocaine and subtracting six levels, as required by the obstruction guideline, § 2J1.2(c) (which determined the base offense level by applying § 2X3.1(a)(1)), resulting in an offense level of 32. However, because the base offense level for obstruction is capped at 30 pursuant to § 2X3.1(a)(3), 30 became the base offense level to which the enhancements for Simels's managerial role in the offense and testifying falsely at trial were added, resulting in a total offense level of 35. With a criminal history category of I, Simels's guideline range was 168 to 210 months' imprisonment. Simels was sentenced to 168 months' imprisonment.

Under Amendment 782, however, the initial base offense level of 38 under § 2D1.1 was lowered by two points to 36, after which six levels were subtracted per the obstruction guideline, resulting in a base offense level of 30 – the same base offense level as the sentencing court's calculation. Adding the enhancement points applicable to Simels, his total offense level would remain at 35 and his

guideline range would remain the same. Simels was therefore ineligible for a sentence reduction, as the district court properly held.

Simels argues on appeal that the sentencing court erred in calculating the applicable guideline range because it did not explicitly adopt the drug quantity findings in the pre-sentence investigation report ("PSR") that the underlying offense was conspiracy to import 150 kilograms or more of cocaine, nor did it independently determine by a preponderance of the evidence that that offense was the actual "underlying offense." He posits that the district court, when addressing his § 3582(c)(2) motion, should have made "supplementary findings as to [Khan's] drug quantity before determining the starting point for the two level reduction." Appellant Br. at 11.

Simels's argument that the district court should have made "supplementary findings" as to drug quantity has no support in case law. The sentencing court adopted the PSR's calculation of a base offense level of 30—which related to the conspiracy to import 150 kilograms or more of cocaine—when it stated, without objection from Simels, that "[b]ecause this was an obstruction of the Khan trial, there's a cross-reference that produces a base offense level of 30." App. at 152. We have said that "because § 3582(c)(2) 'does not authorize a sentencing or resentencing proceeding,' a defendant may not seek to attribute error to the original, otherwise-final sentence in a motion under that provision." *Mock*, 612

F.3d at 137 (quoting *Dillon*, 560 U.S. at 825) (internal citation omitted).   In *Mock*, this Court ruled that the defendant's "sentence became final long ago, and the district court lacked authority under 18 U.S.C. § 3582(c)(2) to address his arguments regarding procedural error at his original sentencing."   *Id.* at 136. Simels seeks to do precisely what we prohibited in *Mock*.

Simels's sentence became final "long ago," and he may not use a § 3582(c)(2) motion to relitigate purported procedural errors in the original sentencing proceedings.   *Dillon*, 560 U.S. at 831; *Mock*, 612 F.3d at 135, 138.   The district court did not err in denying his § 3582(c)(2) motion without conducting supplementary proceedings or making supplemental findings.

\* \* \*

We have considered all of Simels's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7