21-122-cr
United States v. Brown

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand twenty-one.

PRESENT:
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

---

United States of America,

> *Appellee*,

> v.                                                                21-122

Shawnta L. Brown,

> *Defendant-Appellant*,

Kenya Brown,

> *Defendant.**

---

FOR APPELLEE:                                        Tiffany H. Lee, Assistant
                                                    United States Attorney, *for*
                                                    James P. Kennedy, United
                                                    States Attorney for the

---

* The Clerk of Court is directed to amend the caption to conform to the above.

Western District of New York, Buffalo, NY.

**FOR DEFENDANT-APPELLANT:** Shawnta L. Brown, pro se, Lewisburg, PA.

Appeal from an order of the United States District Court for the Western District of New York (Wolford, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 5, 2021, order of the district court is **AFFIRMED**.

Shawnta Brown, pro se and incarcerated, appeals from the denial of his motion to reconsider the district court's decision denying his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. Brown asserts that his vulnerability to COVID-19 infection because of his leukemia and the severity of the outbreak at his prison justify a sentence reduction. The district court denied Brown's initial motion for compassionate release, reasoning that Brown did not establish that extraordinary and compelling circumstances existed to justify a reduction and, even if he had established such reasons, the sentencing factors set forth in 18 U.S.C. § 3553(a) warranted denial. Brown moved for reconsideration, arguing that his prison, the Federal Correctional Institution at Fort Dix, was experiencing a COVID-19 outbreak and that the outbreak further justified the requested sentence reduction. The district court acknowledged that Brown's medical condition, coupled with the outbreak at Fort Dix, put him at a higher risk of serious illness or death from COVID-19 than on first consideration. Even so, the district court concluded that Brown's continued incarceration was still warranted after consideration of the § 3553(a) factors. It therefore denied the motion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and refer to them only as needed to explain our decision to affirm.

"We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). We also review the denial of a motion for reconsideration for abuse of discretion. *United States v. Moreno*, 789 F.3d 72, 78 n.4 (2d Cir. 2015). A "district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks omitted). Granting a motion for reconsideration is justified only where the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). Such a motion does not provide "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).

Under 18 U.S.C. § 3582(c)(1)(A), a district court "may reduce" a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] section 3553(a)," if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020). The § 3553(a) sentencing factors include, among others, "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," to deter criminal conduct, and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2). District courts are free to consider "the full slate of

3

extraordinary and compelling reasons" and have broad discretion in deciding whether to reduce a prisoner's sentence. *Brooker*, 976 F.3d at 237.

The district court did not abuse its discretion in denying Brown's motion for reconsideration. It adhered to the statutory requirement to consider both the § 3553(a) factors and whether Brown had established extraordinary and compelling reasons for early release. It acknowledged that, in his motion for reconsideration, Brown provided new evidence of the severity of the outbreak at Fort Dix, and that, given his medical condition, reconsideration might be warranted as to the prior determination that Brown failed to establish extraordinary and compelling circumstances. In addition, the district court acknowledged that *Brooker* effected to some degree an intervening change of law. Even so, *Brooker*'s holding regarding the scope of the district court's discretion on compassionate release motions did not require the district court to reconsider Brown's motion because the district court rested its denial of reconsideration—just as it had alternatively rested its denial of the original motion for compassionate release—on its assessment of the § 3553(a) factors. *See United States v. Leonard*, 844 F.3d 102, 116 (2d Cir. 2016) ("[A] district court exercises its reduction discretion only 'after considering the factors set forth in section 3553(a) to the extent they are applicable.'" (quoting 18 U.S.C. § 3582(c)(2))).

In assessing the application of the § 3553(a) factors to Brown's case, the district court evaluated Brown's individual circumstances. It focused on Brown's underlying conduct, which involved a "significant drug conspiracy involving firearms" that the court characterized as "serious and harmful, involving large amounts of drugs and firearms with [Brown] and his co-defendant managing the drug activity of several lower level dealers and setting up drug houses throughout the City of Rochester where firearms were kept." App. 89. The district court noted that this was "not the first time that [Brown] has been convicted of offenses related to drug possession and

4

distribution," and flagged his "felony conviction in 2002 for criminal sale of a controlled substance." *Id.* at 89–90; *see United States v. Brown*, 511 F. Supp. 3d 431, 435 (2021) (referring to its earlier consideration of "all of the relevant § 3553(a) factors"). The district court also observed that Brown was sentenced in December 2016 to 248 months of imprisonment, "a sentence at the low end of the Guidelines range and consistent with the plea agreement." 511 F. Supp. 3d at 435. The district court finally considered Brown's "history and characteristics" and the remaining § 3553(a) factors, remarking on "the need to afford adequate deterrence to any future criminal conduct by [Brown]" and "the need to provide medical care [to Brown] in the most effective manner, particularly in view of this current pandemic." *Id.* It reasonably decided not to afford a sentence reduction in light of these considerations.

A district court's "reasonable evaluation" of the sentencing factors "is an alternative and independent basis for denial of compassionate release." *United States v. Robinson*, 848 F. App'x 477, 478 (2d Cir. 2021) (summary order). Under this standard, we identify no abuse of discretion in the district court's decision to deny the motion for reconsideration. Brown may disagree with the district court's balancing of the § 3553(a) factors, but that does not establish an abuse of discretion in the district court's ruling. *See United States v. Capanelli*, 479 F.3d 163, 165 (2d Cir. 2007) ("[T]he weight given to any single [§ 3553(a)] factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review." (internal quotation marks omitted)).

To the extent that Brown relies on district court decisions granting compassionate release to defendants he deems to be similarly situated—i.e., defendants with firearms convictions, who were career offenders, who had similar medical conditions, or who had served a lesser proportion of their sentence than had Brown—those cases are non-binding and, in any event, present different factual circumstances because those inmates were not incarcerated at Fort Dix and had different

5

underlying medical conditions, criminal histories, convictions, and sentences. *See United States v. Rigas*, 583 F.3d 108, 116 (2d Cir. 2009) ("[A] District Court must make an individualized assessment based on all the sentencing factors in § 3553(a).").

We do not consider Brown's Eighth Amendment argument, which he asserts for the first time on appeal. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

We have considered all of Brown's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court