21-499-cr
United States of America v. Mikhail Zemlyansky

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 18th day of April, two thousand twenty-two.

Present:    DENNIS JACOBS,
            ROSEMARY S. POOLER,
            STEVEN J. MENASHI,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                                  21-499-cr

MIKHAIL ZEMLYANSKY, AKA SEALED DEFENDANT 1, AKA MIKE ZEMLIN, AKA RUSSIAN MIKE, AKA MIKE Z, AKA ZEM,

                    *Defendant-Appellant*.[1]

_____

Appearing for Appellant:    John F. Carman, Garden City, N.Y.

Appearing for Appellee:     Joshua Naftalis, Assistant United States Attorney (Anna M. Skotko, Assistant United States Attorney, *on the brief*), *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Oetken, *J.*).

_____

[1] The Clerk of the Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Mikhail Zemlyansky appeals from the July 6, 2020 order of the United States District Court for the Southern District of New York (Oetken, *J.*) denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582 (c)(1)(A), and from a February 22, 2021 order denying his motion for reconsideration of that denial. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a district court's denial of a Section 3582(c)(1)(A) motion for abuse of discretion. *See United States v. Brooker*, 976 F.3d 228, 234, 237 (2d Cir. 2020); *see also United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020) ("We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion."). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (citation omitted). A district court may reduce a sentence upon a defendant's motion "if it finds that . . . extraordinary and compelling reasons warrant such a reduction," and "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A). A district court considers a motion for a sentence reduction in two steps: "First, the court must determine whether the defendant is eligible for a reduction. Second, if the defendant is eligible, the court must determine whether, and to what extent, to exercise its discretion to reduce the sentence." *United States v. Moore*, 975 F.3d 84, 89 (2d Cir. 2020).

On appeal, Zemlyansky primarily argues that the district court abused its discretion by relying only on the reasons set forth in Section 1B1.13 Application Note 1(A) (medical conditions, age, and family circumstances). The district court rendered its original decision before we decided Brooker, which explained that district court have discretion "to consider the full slate of extraordinary and compelling reaons that an imprisoned person might bring before them in motions for compassionate release." 976 F.3d at 237. Zemlyansky argues that when he moved for reconsideration, the district court should have addressed "his documented history of rehabilitative efforts," and failed to "acknowledge[] the Court's discretion to consider such factors." Appellant's Br. 14-15.

We disagree, and affirm. Regardless of its findings regarding extraordinary and compelling circumstances, the district court found that the Section 3553(a) factors did not favor granting Zemlyansky compassionate release. *See United States v. Leonard*, 844 F.3d 102, 116 (2d Cir. 2016) ("[A] district court exercises its reduction discretion only 'after considering the factors set forth in section 3553(a) to the extent they are applicable.'" (quoting 18 U.S.C. § 3582(c)(2))). Because the district court thoughtfully balanced the Section 3553(a) factors, and stated that those provided an independent basis for not granting the motion, remand is not warranted. The district court specifically stated that "[e]ven if there were such [extraordinary and compelling] reasons, the Court cannot conclude that release to home confinement now—approximately five years into a 15-year sentence—is justified based on consideration of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Zemlyansky*, No. 12-CR-171-01 (JPO), 2020 WL 3638425, at *2 (S.D.N.Y. July 6, 2020). It went on to note that Zemlyansky was

convicted of "a wide-ranging racketeering enterprise," and that the victims lost "millions of dollars." *Id.* The district court noted that "these crimes were extremely serious," and that the "statutory purposes of specific deterrence and protecting the public from further crime, in addition to just punishment, respect for the law, and general deterrence, require [Zemlyansky] to serve a substantial part of the sentence imposed by the Court." *Id.* On reconsideration, the district court specifically noted that it was relying on its analysis in the July 6, 2020 order to deny reconsideration. The district court acted well within the bounds of its own discretion.

We have considered the remainder of Zemlyansky's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3